SHERMAN v. BAILEY *et al.*

*Appeal from Clayton District Court — Thursday, May 14.*

TAXATION: ASSESSMENT OF MONEYS AND CREDITS.

THIS is a proceeding by *certiorari* to the board of supervisors of Clayton county, to review their action upon an application of plaintiff for the correction of his assessment for the year 1867.

From the petition, it appears, that plaintiff was assessed upon moneys and credits in the sum of $10,000, and $900 upon certain lands, and improvements thereon, owned by him. Upon his application for the reduction of this assessment, the board increased it to the sum of $20,000 upon moneys and credits, on his own statement, made at the hearing of the application, that he was possessed of that amount. The relief asked is the correction of his assessment so that he should pay

tax upon forty-five dollars for real estate, and $5,520 for moneys and credits. The grounds of such relief are, that his lands were assessed at a valuation above the rate fixed by the board, in the rules and instructions given by them to the assessors, under which the assessment of the county was made, and that his moneys and credits were assessed at their full value, when, under the practice of the assessors, like property of others was assessed at rates much below.

After a hearing upon the merits the District Court affirmed the action of the board of supervisors. Plaintiff appeals.

*J. O. Crosby* for the appellant — *R. Noble* for the appellee.

BECK, J. — No question is made by counsel in this case other than those arising upon the merits. We readily perceive, that great injustice may be done a tax-payer by discriminating assessments, and that unless property, real and personal, is alike assessed at a uniform value throughout the whole county, the burden of taxation will be unequally borne by the citizens. The law doubtless provides a remedy in such cases.

But we do not find that the evidence, as disclosed in the record, sustains the plaintiff's case. Admitting that the directions and instructions given by the board of supervisors to the assessors are contrary to law, yet it does not affirmatively appear, that the real estate of the county was assessed in accordance therewith, or, conceding that the assessment was so made, that plaintiff's land was valued differently from that of others. The assessors were directed to estimate the value of improvements. It does not appear, that the land and improvements were valued at an unequal rate compared with other property.

The evidence satisfactorily shows, that the assessment of $20,000 for notes and credits was not contrary to law, being a fair valuation of that kind of property owned by plaintiff.

Affirmed.